Harry T. Johnson, Sr. and Marcella I. Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 6450-70 SC.
United States Tax Court
T.C. Memo 1971-168; 1971 Tax Ct. Memo LEXIS 166; 30 T.C.M. (CCH) 721; T.C.M. (RIA) 71168; July 19, 1971, Filed Harry T. Johnson, Sr., pro se, 228 W. Monroe, Princeton, Ind.Robert G. Martinell, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $291.90 in petitioners' income tax for the calendar year 1967. The only issues for our consideration are (1) whether petitioners are entitled to take the additional first-year depreciation allowed by section 179(a) [1] on an automobile used in Harry Johnson's *167 business and (2) whether petitioners are entitled to a deduction for charitable contributions in excess of the amount allowed by respondent. Petitioners, Harry T. Johnson, Sr., and Marcella I. Johnson, are husband and wife who resided in Princeton, Indiana, at the time their petition was filed. Petitioners filed a joint, cash-basis income tax return for 1967 with the district director of internal revenue, Indianapolis, Indiana. Harry T. Johnson, Sr. (hereinafter referred to as the petitioner) worked as an outside salesman for Industrial Electronics Corp., Newark, New Jersey. He traveled about 40,000 to 50,000 miles a year in the course of his business. In 1966, he purchased a 1967 Mustang which he *168 used in his business. In December of 1967, he purchased a 1968 Mustang for $1,120.31 plus a trade-in allowance on his 1967 Mustang. The total purchase price was $3,051.00. Petitioner used the double declining balance method and a 3-year useful life in determining the amount of his deduction for ordinary depreciation on the car. On his 1967 return, petitioner deducted $73 as ordinary depreciation plus $655 additional first-year depreciation under section 179(a). In 1967, the petitioners made various contributions of cash and clothing to recognized charities and claimed a deduction of $570 for such contributions on their return. The amount of $420 was claimed as cash contributions and $150 was claimed for contributions of clothing and bedding formerly belonging to their three children (who had left home for reasons not germane to this case) and petitioner's mother-in-law, who passed away in December of 1966. Respondent disallowed all but $100 of the aforementioned amounts. The first issue for our consideration is whether petitioner is entitled to take any additional first-year depreciation on his automobile, which he used in his business. One of the requirements set forth in the *169 statute is that, to be entitled to such additional depreciation, the property must have a useful life of 6 years or more. Section 179(d)(1)(C). The useful life of an asset is the period for which it may reasonably be expected to be employed in the taxpayer's business. Massey Motors, Inc. v. United States, 364 U.S. 92, 107 (1960). Section 1.167(a)-1(b), Income Tax Regs. Moreover, the only evidence as to the useful life of the Mustang which petitioner produced indicated that it "should last over five years." Finally, we note that petitioner himself chose a 3-year useful life for the purpose of computing his deduction for ordinary depreciation. Under the circumstances herein, we find that petitioner's automobile could not be expected to last 6 or more years in his business, and we accordingly decide this issue for the respondent. Insofar as the petitioners' charitable contributions are concerned, we are persuaded, based on all the facts and circumstances present herein, that petitioners gave cash and property worth $250 to recognized charities during 1967 (including the $100 allowed by respondent). In order to reflect our findings, Decision will be entered under Rule *170 50. 723 Footnotes
1. All references are to the Internal Revenue Code of 1954. SEC. 179. ADDITIONAL FIRST-YEAR DEPRECIATION ALLOWANCE FOR SMALL BUSINESS. (a) General Rule. - In the case of section 179 property, the term "reasonable allowance" as used in section 167(a) may, at the election of the taxpayer, include an allowance, for the first taxable year for which a deduction is allowable under section 167 to the taxpayer with respect to such property, of 20 percent of the cost of such property.↩